Good afternoon. Kent Young, Federal Defenders, on behalf of Mr. Urrutia. The District Court imposed a 15-month consecutive sentence for Mr. Urrutia's violation of supervised release, which was three months higher than the sentence recommended by probation. At the hearing, the District Court had the recommendation of Defense Counsel and Probation, but did not have the recommendation of the government. Counsel, I had a couple problems understanding your argument. I had always understood allocution, which you say the judge denied the government the opportunity to make. I had always understood allocution to refer to the defendant's opportunity to address the court before he is sentenced. I checked my understanding by looking up the word in just an ordinary dictionary, and apparently it's everybody else's understanding, too. I don't understand why you called the government's possible right to speak allocution. It may be fair to not use the phrase allocution. I would agree with that. That might be appropriate. Your argument is, the judge should have invited the government to speak. Yes, that's correct. Is there anything in the record, I didn't see anything, to suggest that the government sought to be heard and the judge denied them the opportunity to be heard? No, there is not, but we know that from this court's holding in Waknin that that is air. Assuming you agree with the premise that Rule 32 fills in the gap here for Rule 32.1, Rule 32 states that... I can't assume that because I don't really see a gap. It looks like Rule 32.1 says here's what you do, that's what you do. And since it doesn't say you must invite the prosecutor to speak on the sentencing, I'm assuming that wasn't because they left something out, it's because they didn't mean to put that on the list. I understand, although I think the problem with that is that Rule 32.1 doesn't even state that defense counsel has a right to speak. There's nothing expressed in the rule either. So under that logic, then defense counsel also wouldn't have a right to speak and I think that would lead to absurd results. Why would you be the party with the right to appeal if the government was improperly denied an invitation to speak? It seems like it would be the government that might appeal the sentence. For example, if somebody got an extremely low sentence and the government thought it could have persuaded the district judge to give a harsher sentence, if only they'd been heard, then the government might appeal the sentence. Why would the defense be entitled to assert that right? I think that the government certainly could appeal if they were denied the right to speak or if the district court failed to comply. Maybe not, but regardless, let's assume that they could. Why would the defendant be entitled to raise the government's right to be heard? Well, I think that certainly in this case, probation was recommending a lesser sentence and defense counsel objected and asked that the government be given an opportunity to state its recommendation. Well, what a probation office does is assist the district judge. They're not a party. That's correct, they're not a party. They're not a presumptive sentencer. That's correct, but under Rule 32, there's a procedure laid out for hearing from defense counsel and government counsel, and in Wachneen, there was an appeal by the defendant in that case. In Wachneen, if I could just quote from the court, and I understand this does assume the premise that Rule 32 fills in the gap here, but this is at 543 F3rd 553, quote, however, the plain language of Rule 32 appears to contemplate the government, like the defendant, will have an opportunity for a speaking role at the sentencing hearing before the district court has made a decision on the sentence. This is what we consider to be the normal reading of Rule 32, which here establishes what the court must do before imposing sentence and which provides that the opportunity of the government to speak shall be, quote, equivalent to that of the defendant's attorney, unquote. Thus, it cannot make sense under this rule to have the defendant speak and then the court announce a sentence without letting the government speak responsibly. The district court, therefore, plainly erred when it permitted Wachneen and his counsel to speak, but did not give the government an opportunity to speak before imposing the sentence. And that was a case where the error was the district court didn't affirmatively ask the government for the recommendation. It wasn't even a situation where the government counsel objected or government counsel stated that they would like to speak but were shut down by the district court. This court found that it was a plain error, but in that case where the district court didn't affirmatively ask the government counsel for its sentencing recommendation. But here, and to your credit or to whoever the trial counsel was, you raised this with the district judge at the time of sentencing. You haven't allowed the government to speak. It seems to me that just by raising that, the government was given an opportunity to weigh in and the prosecutor said yes, could have said, or if he wanted to say something, could have easily said, yes, I want to say something. But by standing mute, it seems that in a sense they are saying something. They're saying they're taking no position at all. I guess what I'm trying to say is the issue was presented to the district court in front of the prosecutor and the prosecutor stood there silent. So it isn't like he was shut out, like you said before. The prosecutor was given the opportunity simply by the objection by the defense. Isn't that correct? I understand. But the objection was overruled by the district court before the government would have had an opportunity to speak. Because right after defense counsel objected, this is at excerpts of record 20, the district court said, quote, it's the court's judgment, not the U.S. attorney. This is not the U.S. attorney's decision. It's the court's decision. Counsel, Judge Gould, if I could interject for a moment. First of all, in Wachning, as I recall, and I think I wrote Wachning, so I hope my memory hasn't faded totally, but I think that after the allocution by the defendant, in other words, the defendant had spoken, but the court proceeded to say, here's what my sentence is, without prompting the government to speak. That's correct. We said that the plain language in Rule 32 goes against that. Whether it's counterintuitive or not, that the rule called for the government to be asked to speak. And I sort of viewed this case as being in a parallel light because the court cut off the objection, as you said. So I think the government was in the exact same position. So for me, the question, because I think Wachning would be controlling to me in this case under Rule 32, and the question is really whether this gap-filling and gap concept applies. And I'm sure that's fairly arguable, and I understood Judge Kleinfeld's question about it. But I think we had three cases, Carper, Locke, and Solano, which is another one I wrote, in which one gap or another in Rule 32.1 was filled in by Rule 32. Maybe you could spend some time talking about those three cases to amplify that concept as to why it should apply here. Yes. Let me begin with Reyes-Salosa, Judge Gould. And that was a case where this court held that Rule 32.1 was not silent on the sentencing procedure because Rule 32.1 stated that the sentencing for revocation had to be held, quote, within a reasonable time. But Rule 32 stated that sentencing had to be held in that context without unnecessary delay. And so because Rule 32.1 specifically said reasonable time, it wasn't silent on the subject of timing in Reyes-Salosa, which was the issue here. And here, there's nothing in Rule 32.1 that expressly states that government counsel or defense counsel have a right to speak. There's Rule 32.1b2e, which talks about the right to present evidence in mitigation. But there's nothing that expressly states that counsel for either party have a right to speak in Rule 32.1. So I would submit, because it's silent on that, that the court would look to Rule 32. And in Reyes-Salosa, this court quoted Whitlock and noted the categorical rule that when Rule 32.1 is silent, even though Rule 32.1 primarily governs revocation proceedings, when it is silent, the court looks to Rule 32. In Whitlock, you had Rule 32e3, I believe, there, which dealt with disclosure of the PSR to the parties. And in that case, because there was nothing in Rule 32.1 that specified that the probation officer's recommendation had to be disclosed, this court looked to Rule 32. And I would submit, I think it's really the same thing here. There's nothing dealing with the right of counsel for either party to speak in Rule 32.1, so logically, Rule 32 would fill the gap. I see I'm over my time. If the court has no further questions, I'll submit. I'll give you one minute for rebuttal anyway. Thank you. May it please the court, Larry Spohn of the United States. Whatever the rule should be, whether we should look to Rule 32.1 or Rule 32 in this case or not, in this case, it doesn't matter. This is not the case to decide that. Any error was harmless. Wait a minute. Let me back up first to whether there's error. Wachneen is the law of the circuit. Can it be distinguished? All Wachneen said, and let's be clear, Wachneen said under Rule 32, it's error and it's plain, but even there, it didn't affect substantial rights. Wachneen wasn't reversed on that ground. You got to whether it affected substantial rights was that it had not been raised. Would that be so here? No, it wasn't raised. I'm not sure, but I believe what the court said in Wachneen was that it says under the third prong, his substantial rights weren't affected. He must establish a probability of a different sentence. Here, there's not going to be a different sentence. If we send it back, the government will stand silent and the court will give the same sentence. This just isn't that case. Even if you're going to consider whether Rule 32 applies, I would make just two quick observations. One, Rule 32.1 is not silent as to the role of the government. It gives the government a role when modification is going to be made without a hearing. Why? Because modification of supervised release has to do with the original sentence where the U.S. interest is higher. It is not silent as to the role of the government. It depends on how narrow you want to call it. It simply can't be the case that you always look to Rule 32. First of all, this court didn't in Leonard when it was talking about notice for an above guideline sentence. I guarantee you if that is the rule, Mr. Young is a very bright attorney. He'll be back here in three months saying we have to have a pre-sentence investigation and a pre-sentence report because they're in Rule 32. You know what makes it a little hard to follow is when I was a district judge, I can't imagine doing anything when government counsel was there and not asking if government counsel wished to be heard. The same with civil cases. If they're there, invite them to be heard. It just seems so irregular not to hear from them. They know your honor. They may if they think things are going their way anyway. I think in most cases in our district, the judges do that. In this context of the 1326 cases where there are so many, I think in particular this judge doesn't often look to the government, but the government has interrupted at times when it does have something to say. But this case has an unusual twist that hasn't been mentioned so far this afternoon, and that is that the original sentence for which Supervisory Lease was being revoked was incorrect. Yes. And this particular defendant was unjustly and more severely punished than she would have been or he would have been had the proper sentence been calculated. I agree. And if you ask the government, don't you think, you know, something bad happened here? Is this an opportunity to mitigate that mistake in some way? Mightn't there have at least been a dialogue where the government could have articulated why they didn't think or thought maybe the probation officer got it right? Don't you think that distinguishes this case from the run-of-the-mill cases like you're talking about? I think that that certainly is a factor here that the court could have considered, but I also think given this person's long and lengthy criminal history, including several offenses that didn't score, a long tortured history that obviously involves drugs and alcohol, that given that, that yes, the prosecutor in this case could say, okay, yes, I think that's an unjust sentence and your honor could consider that, but in light of this criminal history, you know, it's too bad. We'll never know. We'll never know. Will we? We won't. But, you know, that, and I agree, that was an incorrect sentence and it's a terrible situation, but the defendant never asked and to this day has not asked, you know what, once we discovered this, hey, could you please let us send it back to Arizona and let that be a supervised release? That's the judge who made the error. They've never asked. To this day, they haven't asked. I think that would be the way. Would that judge have jurisdiction to reconsider the sentence? Not to reconsider the sentence, but would be sentencing on the supervised release. In other words, to re-transfer the supervised release back to Arizona. Why would you transfer a case? I don't get it. I mean, the cases where it is, it's part of the enormous volume of 1326 cases. I think because of this incorrect sentence that happened in Arizona, that would be the reason to send it back to the judge. I gather your argument on Rockne is that you make no attempt to distinguish it because whatever error, even assuming there was error under Rockne, could not be prejudicial because the government will stand silent again. Right. I just think, I mean, I would think that if we sent it back, though, the government would ask the government for its view, or the court would ask the government for its view, and then it would be somewhat consummations, I suppose, for the government not to respond to that request. I believe, and I asked the assistant just because I thought this question might come up, if the judge would have asked you, what would you have said? Defer to the court. I'm not saying the judge would ask historically, what would you have said then? He'll ask, what do you say now? Well, I think he would say, I defer to the court. You know, it isn't going to decide this case, in my view, speculating what the government would say if called upon. The question, I guess, is whether there's an error, and if there was an error, if it's not harmless. So, on this question of affecting rights, let me just pose this question to hear your perspective. If the appellant in this case had said, yeah, OK, I've done a lot of bad illegal reentries, and it's my share of wrongdoing, but I'm really not that bad a guy, and I got a raw deal before, and I want a lower sentence, and I think I should get a much lower sentence, in substance, what the argument defense counsel made here on sentencing. And then if the government had been asked, what do you think? And the government had said, you know, we agree with the defendant that he should get a lower sentence. Would that have likely affected what the district judge did, or could it have done so? In this case, I believe, in fact, it would not have. But, I mean, that's somewhat of a guess on my part, but knowing this judge, I don't think it would have mattered. I think Judge Thompson made up his mind based on this person's criminal history and the court has said is a proper consideration. I think this judge made it clear that he considered the fact that this person got an incorrect sentence. He said, yes, this was an incorrect sentence, but I'm looking to the criminal history and the fact that he's repeated this, and would we make that same decision? Maybe not, but that's not the standard. The standard is, did the judge consider it, and did he use other proper considerations to reach a reasonable sentence? And that he did. Well, the primary reason he said for the long consecutive sentence was that the defendant had breached the trust of the Arizona judge, which lends some credence, I guess, to the possibility that the government might have said, judge, we think you should send this back to Arizona to let that judge deal with that issue of breach of trust. But again, as Judge Gould says, we're just guessing and speculating and we'll never know because the government wasn't asked. But in any event, I don't think the rule is that you always look to rule 32 when 32.1 is silent. That's just not the rule. This court has not always done that. And there are good reasons not to do it in this case. Or should we just look at Wachneen and say that's the law of the circuit? Well, Wachneen assumes that rule 32 applies in this situation. Because rule 32 explicitly says that the court must provide the government with an opportunity to speak. Rule 32.1 doesn't. So you already have to assume that it fills in the gap. So counsel, would you agree that the relevant cases for whether 32 should fill in a gap here are probably Carper, Whitlock, Reyes, Silosa, and Leonard? Yes. And Daniels. And Leonard is on your side of the case. Yes. The others are on Pellant's side of the case. Yes. Yes. Now, as I understand it, Leonard didn't cite Carper at all. It didn't cite and distinguish Carper. It didn't discuss at all the issue of if there's silence in rule 32.1, 32 applies. So it's certainly not very persuasive against that rule. But it's true, didn't apply that rule. And Carper is an older case from 1994. And so this has been circuit law for quite a while, that rule 32.1 has gaps. And when it does, we look at 32. I think the rule is that, I think Whitlock is very clear, it says we may look to 32. It's not mandatory that this court look to 32. It may look to 32. And so you have to think about what are the reasons we would do that. And in this case, what are the reasons a defendant would want the government to speak? I mean, this may be one of those cases where you may get what you want, but the end result is going to be terrible. There are many cases where the defense wants the government to speak. When the defendant's lawyer asks for lenience, everyone knows he has a duty to ask for as lenient a sentence as he can reasonably hope to get. When the government lawyers agrees with him or does not articulate a disagreement with him, it makes the argument for lenience much stronger. But there is no agreement in this case. And we don't know if the government would have articulated disagreement. Well, there's a lot of body language. I mean, you're a prosecutor and we're judges and we see this all the time. There's a lot of body language that sometimes signals to a district judge when the government, even when they don't say anything, is going along with the defendant. And without giving them the opportunity to speak or address the court, we'll never know. And that's the problem that I have with this case. We'll never know because if we agree that Rule 32 applies, then the opportunity was never presented to the judge. And you say, well, I know this judge. I don't know this judge. But I know judges, I think, and we should all be given that opportunity. But I think the only thing that the government could have said is, yes, we agree that that sentence was an incorrect sentence in Arizona. But we know from this judge's decision already, he considered that. So there's nothing else the government's going to add. I think the judge's decision here, what he said, makes it clear. Sorry, I didn't mean to interrupt. I wanted to frame the question at a different level of generality, just to get your expertise and your perspective. Would it be a better system or a worse system for the Ninth Circuit overall if we were to say that in every case of a sentence for revocation of supervised release, the court should always, in every case, call on the government to give its views before imposing sentence? Personally, I think that would be the better rule. I think it's always better that the court hear from both parties. So if we did that here, and we just vacated and remanded for resentencing, the judge could call on the government, and if after hearing from the appellant and hearing from the government, the court wanted to impose the same sentence, it certainly could. It could, and in fact, I'm quite sure it would. But my concern is, if we say that we always look to Rule 32, we're going to create a system where Rule 32.1 becomes superfluous, and in every supervised revocation hearing, we're going to have pre-sentence reports, a pre-sentence investigation. If that's the rule... Why would we have to say all those other things just to say that the court should call on the government as well as the defense to state their views? Well, if the appellant's version is correct, that whenever 32.1 doesn't say something, you look to Rule 32, I guarantee you he'll be back here in two months saying, Rule 32.1, silent. You urged a different interpretation that said the court may look to it. Right, it may look. That would suggest that we, as well as the district court, have something to say about when and what circumstances it should look to. Yes, and I think this court may do it, and my argument is just to urge you not to do it in this situation because the interests of the government aren't the same under Rule 32 and 32.1. I see my time is up. Thank you, counsel. Challenging case. Just two quick points. With regard to Leonard, which came up during the government's argument, Leonard, of course, predates Whitlock and predates Reyes-DeLosa as well. But in Leonard, that was a case where you were dealing with Rule 32H, which requires advance notice of above guidelines departures. And this court held that Rule 32H didn't apply to supervised release because it's a policy statement, Chapter 7, which governs revocation sentencing. And so because 32H was referring to a guideline and not a policy statement, it couldn't apply to Rule 32.1. So that's not a case that we have here where we're having a difference there. So when that came up in Leonard, didn't the circuit have preexisting authority saying that that advice didn't have to be given on supervised release? I think that's because they cited a case that dealt with probation. I believe Leonard did. And Leonard concerned revocation in Rule 32H. And I think Leonard cited a previous case that dealt with probation and advance notice, revocation of probation. That's correct, Judge Gould, yes. And just briefly, with regard to Wachneen, the reason why the court – well, first, it was reviewed for plain error, which we don't have here. But second, the reason why the court found substantial rights were not affected was because the government actually submitted a sentencing memorandum, giving its recommendation in that case. The court said, District Court in Wachneen, that it had reviewed the sentencing materials. This court felt that the district judge was aware of what the government's position was in that case. The government in this case did not submit a sentencing memorandum with respect to supervised release. I seem over my time. I thank the court. Thank you, counsel.
judges: Gettleman, Kleinfeld, Gould